IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSICA CARRITHERS and NICHOLAS CARRITHERS, | ) ) ) |
| Plaintiffs, | ) ) Case No. |
| v. | ) ) ) |
| THE UNITED STATES OF AMERICA, | ) ) |
| Defendants. | ) ) |

## COMPLAINT

COME NOW the Plaintiffs, Jessica Carrithers and Nicholas Carrithers, by and through their undersigned Counsel, Hassakis & Hassakis, P.C., and for their Complaint against the Defendant, The United States of America, and pursuant to the Federal Torts Claim Act states and allege as follows:

## PROCEDURAL

1. This is a medical negligence action which arises under the Federal Tort Claims Act (FTCA).

2. A standard U.S. Department of Justice Standard Form 95 was completed and timely filed with the U.S. Department of Health & Human Services and the U.S. Department of Justice and received by both agencies on or about March 10, 2021. Plaintiffs enclosed medical records and an expert's report along with the Form 95.

3. That the U.S. Department of Health and Human Services failed to provide for a final disposition of the claim within six-months and its inaction is deemed a final denial pursuant to 28 U.S.C. § 2675(a).

## STATEMENT OF JURISDICTION

**4.** That at all times relevant hereto, Dr. Rise Hatten, M.D. was an FTCA-deemed Public Health Service employee under 42. U.S.C 233(g)-(n).

**5.** That at all times relevant hereto, Dr. William Padgett, M.D. was an FTCA-deemed Public Health Service employee under 42 U.S.C. 233(g)-(n).

**6.** That at all times relevant hereto, Southern Illinois Healthcare Foundation was an FTCA-deemed facility and Health Center Program grantee under 42 U.S.C 254b.

**7.** This Court has subject matter jurisdiction over Dr. Rise Hatten, M.D., Dr. William Padgett, M.D., and Southern Illinois Healthcare Foundation, pursuant to Federal Question Jurisdiction, 28 U.S.C. § 1331; 28 U.S.C. § 2671 *et. seq.*, commonly referred to as the Federal Torts Claims Act.

**8.** That the United States District Court for the Southern District of Illinois is the appropriate venue as the medical care at issue in this medical negligence case occurred within the Southern District of Illinois' judicial district pursuant to 28 U.S.C. 1391(b)

## COUNT I - NEGLIGENCE
*(Jessica Carrithers v. The United States of America (Dr. Hatten))*

**9.** That at all times relevant hereto, Plaintiff, Jessica Carrithers was a resident and citizen of the State of Illinois residing in Lawrence County, Illinois.

**10.** That at all times relevant hereto, Dr. Rise Hatten, M.D., was a physician specializing in obstetrics and gynecology, duly licensed to practice medicine under the law of the State of Illinois, and was engaged in the practice of her profession providing medical services to patients in Richland County, Illinois.

11. That at all times relevant hereto, Dr. Rise Hatten, M.D., was employed as a physician by the Southern Illinois Healthcare Foundation ("SIHF") and at all times was acting within the course and scope of her employment with SIHF.

12. That at all times herein, there existed a physician-patient relationship between Dr. Rise Hatten, M.D., and Jessica Carrithers.

13. That on March 29, 2019, Jessica Carrithers presented to Carle Richland Memorial Hospital in order to undergo a right-sided salpingo-oopherectomy.

14. That on March 29, 2019, the salpingo-oopherectomy surgery which Jessica Carrithers underwent on said date was performed, at least in part, by Dr. Rise Hatten, M.D..

15. That on March 30, 2019, Jessica Carrithers called the emergency department at Carle Richland Memorial Hospital due to abdominal pain and spoke with Dr. Rise Hatten. Dr. Hatten advised Jessica Carrithers that her pain was related to normal post-surgical pain and would pass.

16. That on March 30, 2019, Jessica Carrithers then presented to the emergency department at Lawrenceville County Memorial Hospital with complaints of abdominal and pelvic pain. An emergent CT scan performed on March 30, 2019 showed that Jessica Carrithers' right ureter had been injured.

17. That on March 31, 2019, Jessica Carrithers was transferred to the Carle Foundation Hospital in Urbana, Illinois where she was treated, in part, by Dr. Glen Yang, a urologist.

18. Dr. Glen Yang identified the right ureteral injury as occurring approximately three-centimeters distal to her ureteral orifice but Dr. Yang could not locate the proximal extent of the right ureteral injury.

19. That on March 31, 2019 Jessica Carrithers underwent an exploratory laparotomy, right ureteral reimplantation and peritoneal flap closure performed by Dr. Glen Yang.

20. That during the March 31, 2019 surgery performed by Dr. Yang, Dr. Yang concluded that a "LigaSure type injury" had completely cut Jessica Carrithers' right ureter and that said ureter was missing three-to-four inches.

21. That Dr. Rise Hatten, M.D., was aware on March 29, 2019 that the ureter is not to be cut, damaged or harmed during the performance of a salpingo-oopherectomy.

22. That Dr. Rise Hatten, M.D. was aware on March 29, 2019 that the ureter is to be identified and removed from the surgical field prior to performance of a salpingo-oopherectomy.

23. That when a surgeon reasonably and competently takes steps to identify and protect a women's ureter during a salpingo-oopherectomy, like the one Dr. Hatten performed upon Jessica Carrithers, the ureter is not cut, damaged or harmed.

24. That when Dr. Rise Hatten performed said salpingo-oopherectomy on March 29, 2019 she did not protect Jessica Carrithers' right ureter despite her operative report saying so, instead cutting and removing three-to-four inches of Jessica Carrithers' right ureter.

25. That at all times relevant hereto, Defendant, The United States of America, by and through Dr. Rise Hatten, M.D., was guilty of one, more than one or all of the following acts or omissions:

   a. Failed to identify the location and course of Jessica Carrithers' right ureter during the performance of the March 29, 2019 salpingo-oopherectomy;
   b. Failed to properly isolate and protect Jessica Carrithers' right ureter during the performance of the March 29, 2019 salpingo-oopherectomy;
   c. Failed to reasonably consider Jessica Carrithers' medical history, past surgeries, and individual risk factors;
   d. Failed to reasonably and competently perform a salpingo-oopherectomy on March 29, 2019; and
   e. Failed to perform a cystoscopy on March 29, 2019.

26. That as a direct and proximate result of one, more than one or all of the foregoing acts or omissions of the Defendant, United States of America, by and through Dr. Rise Hatten, M.D., the Plaintiff, Jessica Carrithers, was then and there injured including, but not limited to suffering great pain, physical and mental disabilities, loss of normal life, past medical bills, future medical bills, economic losses, including future wage loss and future earning capacity, and she will have future needs for medical care, life care and is and will continue to be unable to attend to her ordinary affairs and duties.

WHEREFORE, Jessica Carrithers, prays for judgment in her favor and against Defendant, The United States of America, in an amount which substantially exceeds the minimum jurisdictional limit, together with costs of suit and such other relief as this Court deems just and proper.

## COUNT II – LOSS OF CONSORTIUM
*(Nicholas Carrithers v. The United States of America (Dr. Hatten))*

27. Plaintiff realleges and repleads Paragraphs 1-26 of Count I as if pled in their entirety in this Count II of Plaintiffs' Complaint.

28. That at the time of this occurrence Plaintiff, Nicholas Carrithers, was the lawful husband of Plaintiff, Jessica Carrithers.

29. That as a direct and proximate result of one, more than one or all of the foregoing careless and negligent acts and omissions of Defendant, The United States of America., by and through Dr. Rise Hatten, M.D., Plaintiff, Nicholas Carrithers, has suffered the loss of services of his wife, which had been prior to her injuries of great value to him, and he has been deprived of her affection, society, companionship and consortium. Plaintiff, Nicholas Carrithers, has been and will continue to be hindered and prevented from transacting and attending to his usual affairs, and has incurred

expense in having services performed for him which had previously been performed by his wife, and will be compelled in the future to expend sums of money for these services which his wife could and would have performed for him, and said Plaintiff has incurred and become liable for and will in the future continue to incur and be liable for expenses relating to medical treatment, care and rehabilitation of his wife.

WHEREFORE, Plaintiff, Nicholas Carrithers, prays for judgment in his favor and against the Defendant, The United States of America, in an amount which substantially exceeds the minimum jurisdictional limit, together with costs of suit and such other relief as this Court deems just and proper.

## COUNT III – NEGLIGENCE
*(Jessica Carrithers v. The United States of America, (Dr. Padgett))*

1. That at all times relevant hereto, Plaintiff, Jessica Carrithers was a resident and citizen of the State of Illinois residing in Lawrence County, Illinois.

2. That at all times relevant hereto, Dr. William Padgett, M.D., was a physician specializing in obstetrics and gynecology, duly licensed to practice medicine under the law of the State of Illinois, and was engaged in the practice of his profession providing medical services to patients in Richland County, Illinois.

3. That at all times relevant hereto, Dr. William Padgett, M.D., was employed as a physician by the Southern Illinois Healthcare Foundation ("SIHF") and at all times was acting within the course and scope of his employment with SIHF.

4. That, upon information and belief and at all relevant hereto, there existed a physician-patient relationship between Dr. William Padgett, M.D., and Jessica Carrithers.

5. That on March 29, 2019, Jessica Carrithers presented to Carle Richland Memorial Hospital in order to undergo a right-sided salpingo-oopherectomy.

6. That, upon information and belief, on March 29, 2019, the salpingo-oopherectomy surgery which Jessica Carrithers underwent on said date was performed, at least in part, by Dr. William Padgett, M.D.

7. That Dr. William Padgett, M.D., was aware on March 29, 2019 that the ureter is not to be cut, damaged or harmed during the performance of a salpingo-oopherectomy.

8. That Dr. William Padgett, M.D. was aware on March 29, 2019 that the ureter is to be identified and removed from the surgical field prior to performance of a salpingo-oopherectomy.

9. That when a surgeon reasonably and competently takes steps to identify and protect a women's ureter during a salpingo-oopherectomy like the one Dr. Padgett, upon information and belief, partially performed upon Jessica Carrithers, the ureter is not cut, damaged or harmed.

10. That when Dr. William Padgett, M.D., upon information and belief, performed said salpingo-oopherectomy on March 29, 2019 he failed to protect Jessica Carrithers' right ureter, instead cutting and removing three-to-four inches of Jessica Carrithers' right ureter.

11. That at the time times relevant hereto, Defendant, The United States of America, by and through Dr. William Padgett, M.D., was guilty of one, more than one or all of the following acts or omissions:

    a. Failed to identify the location and course of Jessica Carrithers' right ureter during the performance of the March 29, 2019 salpingo-oopherectomy;
    b. Failed to properly isolate and protect Jessica Carrithers' right ureter during the performance of the March 29, 2019 salpingo-oopherectomy;
    c. Failed to reasonably consider Jessica Carrithers' medical history, past surgeries, and individual risk factors;
    d. Failed to reasonably and competently perform a salpingo-oopherectomy on March 29, 2019; and

   e. Failed to perform a cystoscopy on March 29, 2019.

**12.** That as a direct and proximate result of one, more than one or all of the foregoing acts or omissions of the Defendant, The United States of America, the Plaintiff, Jessica Carrithers, was then and there injured including, but not limited to suffering great pain, physical and mental disabilities, loss of normal life, past medical bills, future medical bills, economic losses, including future wage loss and future earning capacity, and she will have future needs for medical care, life care and is and will continue to be unable to attend to her ordinary affairs and duties.

   WHEREFORE, Jessica Carrithers, prays for judgment in her favor and against Defendant, The United States of America, in an amount which substantially exceeds the minimum jurisdictional limit of, together with costs of suit and such other relief as this Court deems just and proper.

## COUNT IV – LOSS OF CONSORTIUM
*(Nicholas Carrithers v. The United States of America (Dr. Padgett))*

**13.** Plaintiff realleges and repleads Paragraphs 1-12 of Count III as if pled in their entirety in this Count IV of Plaintiffs' Complaint.

**14.** That at the time of this occurrence Plaintiff, Nicholas Carrithers, was the lawful husband of Plaintiff, Jessica Carrithers.

**15.** That as a direct and proximate result of one, more than one or all of the foregoing careless and negligent acts and omissions of Defendant, The United States of America, Plaintiff, Nicholas Carrithers, has suffered the loss of services of his wife, which had been prior to her injuries of great value to him, and he has been deprived of her affection, society, companionship and consortium. Plaintiff, Nicholas Carrithers, has been and will continue to be hindered and prevented from transacting and attending to his usual affairs, and has incurred expense in having services

performed for him which had previously been performed by his wife, and will be compelled in the future to expend sums of money for these services which his wife could and would have performed for him, and said Plaintiff has incurred and become liable for and will in the future continue to incur and be liable for expenses relating to medical treatment, care and rehabilitation of wife.

WHEREFORE, Plaintiff, Nicholas Carrithers, prays for judgment in his favor and against Defendant, The United States of America, in an amount which substantially exceeds the minimum jurisdictional limit, together with costs of suit and such other relief as this Court deems just and proper.

                                                HASSAKIS & HASSAKIS, P.C.,
                                                Attorneys for Plaintiff,
                                                JESSICA CARRITHERS and
                                                NICHOLAS CARRITHERS

By: *[signature]*

                                                Joshua A. Humbrecht
                                                Paul E.H. Rademacher

Attorneys for Plaintiff:
HASSAKIS & HASSAKIS, P.C.
206 South Ninth Street, Suite 201
Post Office Box 706
Mount Vernon, IL 62864
Phone: (618) 244-5335
Fax: (618) 244-5330
Email: jhumb@hassakislaw.com
       paul@hassakislaw.com
ARDC No.:   6300072
                 6324529